BEFORE THE THIRD DIVISION, APRIL 10, 1941

**No. 45713.**—Protests 946544–G, etc., of Kwong Yick & Co. et al. (San Francisco).

Opinion by EVANS, J. In accordance with stipulation of counsel and on the authority of *Oy Wo Tong* v. *United States* (5 Cust. Ct. 70, C. D. 372) Chinese drugs were held free of duty under paragraph 1669. Apricot kernels stipulated to be the same as those the subject of Abstract 34104 were held dutiable at 3 cents per pound under paragraph 762.

**No. 45714.**—Protest 587593–G of Wing Hong Yuen Co. (Honolulu).

Opinion by EVANS, J. In accordance with stipulation of counsel and on the authority of *Oy Wo Tong* v. *United States* (5 Cust. Ct. 70, C. D. 372) the Chinese drugs in question were held entitled to free entry under paragraph 1669 as claimed.

**No. 45715.**—Protest 954941–G of W. X. Huber Co. (Los Angeles).

Opinion by EVANS, J. In accordance with stipulation of counsel and on the authority of *Oy Wo Tong* v. *United States* (5 Cust. Ct. 70, C. D. 372) certain of the drugs in question were held free of duty under paragraph 1669. Drugs advanced were held dutiable at 10 percent under paragraph 34.

**No. 45716.**—Petition 5996–R of W. T. Grant Co. (New York).

Opinion by EVANS, J. It appeared that the difference in value was due to an item of 15 percent tax which the importer believed not applicable to the merchandise. As there was no intention to defraud the revenue the petition was granted

**No. 45717.**—Petitions 5832–R, etc., of Japan Import Co. (Newport News and New York).

Opinion by EVANS, J. It appeared that there was an honest difference of opinion as to the question of the similarity of the imported merchandise to merchandise produced in the United States. It was found that the entry was made in good faith and that there was no intent to deceive or defraud the Government. The petitions were therefore granted.